UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY HUSPON, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA STATE PRISON, <br><br> Defendant. | CAUSE NO. 3:24-CV-816-GSL-AZ |

OPINION AND ORDER

Terry Huspon, a prisoner without a lawyer, initiated this case by filing a motion for a preliminary injunction, but no complaint. ECF 1. In light of this court's duty to construe pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court will construe the preliminary injunction motion as a complaint and screen it as required by 28 U.S.C. § 1915A. Under § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Huspon began this lawsuit because he alleges he is going to be transferred out of Indiana State Prison ("ISP") in violation of a settlement agreement that specified he would be housed in that facility—a condition he says he accepted in exchange for giving up a $40,000 monetary claim. Huspon is a paraplegic and uses a wheelchair. He was told he would be transferred because ISP is not handicap accessible. Huspon alleges this is a false pretext because his current unit at ISP is handicap accessible. He

protests that moving him is in breach of the settlement agreement, and he seeks either to remain at ISP or to receive the $40,000 he says he gave up in exchange for the settlement.

This court does not have the ability to give Huspon the relief that he wants. Federal courts are courts of limited jurisdiction, which means it can hear only certain types of cases, typically those involving a federal question, 28 U.S.C. § 1331, or falling under diversity jurisdiction, 28 U.S.C. § 1332. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). Huspon's complaint does not invoke federal question jurisdiction. He has no federal constitutional right to the housing assignment of his choosing. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). The Constitution comes into play only if a transfer results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). There are no facts alleged that suggest the conditions at Huspon's future prison would pose an "atypical and significant hardship."

Similarly, a breach of the settlement agreement does not present a federal question. Even if a settlement agreement is the result of federal litigation, enforcement of a settlement agreement is typically a separate matter from the underlying lawsuit. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). Unless the terms of the settlement agreement were made part of the court's order dismissing the settled case, a breach of a settlement agreement is a matter of state contract law. *See id.* at 381 ("The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit."); *Bond v. Utreras*, 585 F.3d 1061, 1079 (7th Cir. 2009) ("[W]here the dismissal order neither incorporated the parties' settlement agreement nor expressly retained jurisdiction over it, the court lack[s] ancillary jurisdiction to enforce it and any action for breach of the agreement belong[s] in state court.") (citing *Kokkonen*, 511 U.S. at 381). State contract law cannot be enforced in federal court unless diversity jurisdiction is present.

Diversity jurisdiction has two basic requirements: (1) the plaintiff and the defendant must be citizens of different states and (2) the amount in controversy must be more than $75,000. 28 U.S.C. § 1332; *see Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Huspon does not allege either party's citizenship, but based on what is alleged, it is not plausible to infer that the parties are of diverse citizenship. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d

3

1244, 1245 (7th Cir. 1993) (per curiam). Generally, domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Because Huspon is incarcerated in an Indiana prison, he is most likely a citizen of Indiana, which means the defendant cannot also be a citizen of Indiana for diversity jurisdiction to exist. The named defendant, Indiana State Prison, is not a proper defendant because it is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). But any plausible substitute defendant is also likely to be a citizen of Indiana, so complete diversity of parties would not be present. Further, the value of the settlement agreement is alleged to be $40,000, which is under the jurisdictional threshold. Neither requirement for diversity jurisdiction is present.

Because the court does not have jurisdiction over this case as alleged, the preliminary injunction motion must be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Huspon has no chance of success on the merits in this court.

This complaint does not allege a basis for federal jurisdiction. If Huspon believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 1);

(2) GRANTS Terry Huspon until **November 12, 2024**, to file an amended complaint; and

(3) CAUTIONS Terry Huspon if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the court lacks subject matter jurisdiction over this case.

SO ORDERED on October 8, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

5