UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY HUSPON,

     Plaintiff,

         v.                            CAUSE NO. 3:24-CV-816-GSL-AZ

RON NEAL,

     Defendant.

OPINION AND ORDER

Terry Huspon, a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Huspon's initial complaint was not allowed to proceed because there was no basis for federal jurisdiction. ECF 3. He filed suit to stop a pending prison transfer, which he said was in violation of a settlement agreement that specified he would be housed at Indiana State Prison. But federal question jurisdiction under 28 U.S.C. § 1331 didn't exist because Huspon did not have an independent federal right to be housed in the prison of his choosing. And a breach of a settlement agreement is a state-law claim,

but the complaint did not allege a plausible basis for this court to exercise diversity

jurisdiction under 28 U.S.C. § 1332 over this state-law claim. *Id.* at 3-4. He was given the

opportunity to file an amended complaint that alleged a basis for federal jurisdiction. *Id.*

at 4-5.

In the amended complaint, Huspon alleges that he has a Fourteenth Amendment

liberty interest in avoiding transfer to the new prison. ECF 7 at 2. He says he needs a

handicap accessible facility because he is paraplegic who uses a wheelchair and he is

partially blind, thus the transfer would pose an atypical and significant hardship on

him. Huspon has no federal constitutional right to the housing assignment of his

choosing. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does

not give rise to a liberty interest in avoiding transfer to more adverse conditions of

confinement."); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("Neither, in our view,

does the Due Process Clause in and of itself protect a duly convicted prisoner against

transfer from one institution to another within the state prison system."); *Antonelli v.

Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). The Constitution comes into play only if a

transfer results in an "atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Huspon,

though, does not explain why his physical disabilities would result in the transfer

imposing an atypical and significant hardship on him. The inquiry into whether a

placement would result in an atypical and significant hardship usually concerns

whether a placement is more restrictive in terms of physical space, time out of the cell,

and contact with other people. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 768–69 (7th Cir.

2008). Huspon's disabilities will certainly require special accommodations and medical care. But there are no facts alleged that allow a reasonable inference that he will not get those at his new prison. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Huspon has not met that burden.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on February 13, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT